# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROCKY HILL,** | § | |
| **TDCJ No. 1596897,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | CIVIL NO. SA-15-CA-73-XR (HJB) |
| | § | |
| **RICK PERRY, Governor,** | § | |
| **GREG ABBOTT, Attorney General,** | § | |
| **BRAD LIVINGSTON, Executive Director,** | § | |
| **Texas Department of Criminal Justice, and** | § | |
| **Dr. LINETTE LINTHICUM, Director,** | § | |
| **Texas Department of Criminal Justice** | § | |
| **Health Services Division,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Rocky Hill, currently an inmate at the Texas Department of Criminal Justice's John B. Connally Unit in Kenedy, Texas, has filed this civil rights action pursuant to 42 U.S.C. Section 1983 naming as defendants the former Governor of Texas, the former Attorney General and current Governor of Texas, and a pair of supervisory officials with the Texas Department of Criminal Justice and requests injunctive relief in the form of an order from this Court directing the defendants to furnish Plaintiff with pure water and more fresh fruits and vegetables. For the reasons set forth hereinafter, Plaintiff's claims will be dismissed.

## I. Background

Plaintiff's Section 1983 complaint was accompanied by neither the appropriate filing fee nor an In Forma Pauperis (IFP) application. Nor did Plaintiff submit a certified copy of his TDCJ inmate trust account setting forth the average monthly balance and average monthly deposits in his inmate

trust account for the past six months, as required by 28 U.S.C. § 1915(a)(2).  In a Show Cause Order issued February 6, 2015 (ECF no. 2), the Magistrate Judge directed Plaintiff to either pay the filing fee or submit a complete IFP application, together with a certified copy of his TDCJ inmate trust account statement for the past six months as required by Section 1915(a)(2).  The Magistrate Judge's Show Cause Order also identified numerous substantive deficiencies in Plaintiff's original Section 1983 complaint and directed Plaintiff to file an amended complaint setting forth specific factual allegations showing the named defendants had been personally involved in the alleged deprivations of Plaintiff's purported federal constitutional rights.  Plaintiff has made no effort to date to respond in any manner to the Magistrate Judge's Show Cause Order and the deadline for doing so has long since passed.

## II. Standard for Review Under Sections 1915(e) (2) (B) & 1915A

When Congress enacted the Prisoner Litigation Reform Act of 1996 ("PLRA"), it specifically amended 28 U.S.C. Section 1915(e)(2)(B)(i) and added new Section 1915A to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid.  *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Therefore, Plaintiff's claims herein are subject to review under Section 1915(e) and may be dismissed as frivolous regardless of whether he paid any portion of the filing fee in this cause.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

In an action filed IFP, a court may raise *sua sponte* the issue of whether an action is malicious or frivolous under Section 1915(e).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Dismissal of a

claim as frivolous under Section 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers*, 709 F.3d at 407; *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Rogers*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint questionnaire), *cert. denied*, 560 U.S. 944 (2010); *Samford*, 562 F.3d at 678.

### III. Failure to State a Claim for Relief

The pleading standards do not require detailed factual allegations but they do demand more than an unadorned, the defendant unlawfully harmed me accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678; *Central States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 360 (5th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678; *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555; *Health Special Risk, Inc.*, 756 F.3d at 360.  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it renders "naked assertions" devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

### IV. Section 1983 Generally

42 U.S.C. Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights. *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied,* ___ U.S. ___, 134 S. Ct. 1789, 188 L. Ed. 2d 771 (2014); *Sw. Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879-80 (5th Cir. 2004).  There are two essential elements to a Section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States. *Whitley*, 726 F.3d at 638; *Romano v. Greenstein*, 721 F.3d 373, 377 (5th Cir. 2013); *Wyatt v. Fletcher*, 718 F.3d 496, 517 (5th Cir. 2013).

A prisoner seeking to recover a judgment under Section 1983 must exhaust available administrative remedies before resort to the federal courts. *See Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002).

Finally, mere negligence by a state official does not give rise to Section 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 332-35 (1986).  A showing of merely negligent conduct by an

4

official is insufficient to overcome the defense of qualified immunity. *Whitley*, 726 F.3d at 643 ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity."); *Zarnow v. City of Wichita Falls, Texas*, 500 F.3d 401, 410 (5th Cir. 2007 (negligence will not support the denial of qualified immunity).

## V. Supervisory Liability Under Section 1983

Plaintiff has named as defendants the former Governor of Texas, the former Attorney General and current Governor of Texas, and two supervisory TDCJ officials but has not alleged any specific facts showing any of these defendants were personally involved in any of the matters about which Plaintiff complains in this lawsuit. Specifically, Plaintiff alleges no facts showing any of the defendants have ever had any personal involvement in the provision of water or food to Connally Unit inmates.

Vicarious liability does not apply to Section 1983 claims. *See Iqbal*, 556 U.S. at 676 (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior)*. Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability; the doctrine of *respondeat superior* does not apply to such actions. *See Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (under Section 1983, a government official may be held liable solely for his own conduct). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983. *See Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the

deprivation.'"); *Zarnow*, 614 F.3d at 169 ("To support a supervisory liability claim, the misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor.").

Generally, a supervisor may be held liable only if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as where the supervisor implemented or enforced unconstitutional policies which actually resulted in the plaintiff's injuries. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). A supervisor may be held personally liable for inadequate supervision or a failure to train subordinates only where the failure to train or supervise amounts to deliberate indifference and is a proximate cause of a constitutional violation. *See id.*, 659 F.3d at 446 ("A supervisor may also be liable for failure to supervise or train if: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'"); *Brown v. Callahan*, 623 F.3d 249, 254 n.1 (5th Cir. 2010) (supervisor may be held liable under Section 1983 for failure to train or supervise subordinates if (1) the supervisor failed to train or supervise, (2) a causal link exists between the failure and violation of plaintiff's rights, and (3) the failure to train or supervise amounts to deliberate indifference). Merely negligent or incompetent supervision cannot form a basis for liability under Section 1983; the supervisor's actions or inactions must rise to the level of "deliberate indifference." *Id.*

### VI. Qualified Immunity

As public officials performing discretionary roles, the named defendants are entitled to the benefits of the doctrine of qualified immunity. Even when a state official or other person acting under color of state law engages in constitutionally impermissible conduct, the defendant may

nevertheless be shielded from liability for civil damages if the defendant's actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al–Kidd,* ___ U.S. ___, ___, 131 S. Ct. 2074, 2085, 179 L. Ed. 2d 1149 (2011); *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).

A party seeking damages from an official asserting qualified immunity bears the burden of overcoming that defense. *McCreary*, 738 F.3d at 655; *Wyatt v. Fletcher*, 718 F.3d 496, 802 (5th Cir. 2013); *Crostley v. Lamar County, Texas*, 717 F.3d 410, 422 (5th Cir. 2013). The Fifth Circuit has authorized the dismissal as frivolous of civil rights claims which fail to establish a violation of the plaintiff's "clearly established" federal rights. *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999) (affirming summary dismissal of complaint against state prison officials as frivolous on qualified immunity grounds). An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity. *Tamez v. City of San Marcos, Texas*, 118 F.3d 1085, 1091-92 (5th Cir. 1997). An official acts within the scope of his authority if he discharges the duties generally assigned to him. *Id.* at 1091-92. For executive officers in general, qualified immunity is the norm. *Malley v. Briggs*, 475 U.S. 335, 340 (1986); *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

Whether the conduct of which the plaintiff complains violated clearly established law is essentially a legal question. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). In a Section 1983 lawsuit, the relevant inquiry is whether the legal right which the plaintiff asserts was violated was clearly established under federal law. *Pierce v. Smith*, 117 F.3d 866, 871 n.5 (5th Cir. 1997).

Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful act or omission generally turns on the "objective legal reasonableness" of the act or omission assessed in the light of the legal rules that were "clearly established" at the time it was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). For the legal rules to be considered "clearly established," the contours of the right alleged to have been violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates the right"; that is, "in the light of preexisting law the unlawfulness must be apparent." *Id.* at 640. While there need not have been a specific ruling squarely on point on the issue in question, the law must have been sufficiently clear to put the official on notice of the impropriety of his actions. *Kinney v. Weaver*, 367 F.3d 337, 372 (5th Cir. 2004); *Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir. 1998). The Fifth Circuit has directed courts to initially examine Supreme Court and Fifth Circuit precedent, *i.e.*, "controlling authority," in the course of determining whether a legal principle is "clearly established"; the law of other Circuits may be considered when "a consensus of cases of persuasive authority [is] such that a reasonable officer could not have believed that his actions were lawful." *McClendon v. City of Columbia*, 305 F.3d 314, 328 (5th Cir. 2002) (*en banc*).

The second step in the qualified immunity analysis is the determination of the objective reasonableness of the defendant's act or omission. Objective reasonableness is assessed in light of the legal rules clearly established at the time of the incident; an officer's conduct is not objectively reasonable when all reasonable officials would have realized the particular challenged conduct violated the constitutional provisions sued on. *See Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013) (recognizing qualified immunity in excessive force case required not only examination of clearly established Fourth Amendment standards but also whether a right to remain free of the

degree of force used in a given situation was clear to a reasonable officer at the scene). The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. *Hunter v. Bryant*, 502 U.S. 224, 229 (1991); *Malley v. Briggs*, 475 U.S. 335, 343 (1986). In addition, merely negligent conduct on the part of a government official cannot meet the rather stringent standard for liability under 42 U.S.C. §1983. *Daniels v. Williams*, 474 U.S. 326, 331-34 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

## VII. Deficiencies in Plaintiff's Original Complaint

As explained by the Magistrate Judge in the Court's Show Cause Order, the initial problem with Plaintiff's claims in this lawsuit is Plaintiff's failure to allege specific facts showing any of the named defendants were personally involved in the alleged denial of pure water and adequate food to Plaintiff. Nor has Plaintiff alleged any specific facts showing any of the named defendants ever displayed deliberate indifference to any of Plaintiff's physical or medical needs. The second problem with Plaintiff's original complaint is Plaintiff has failed to identify any clearly established federal constitutional right which he alleges the defendants have violated. As explained above, to prevail on a Section 1983 claim, a Plaintiff must establish that a state official was personally involved or displayed deliberate indifference to a violation of Plaintiff's clearly established federal constitutional rights. Plaintiff has failed to allege any specific facts linking any of the named defendants personally to any act or omission which violated any of plaintiff's clearly established federal constitutional rights. Under such circumstances, plaintiff's claims herein not only fail to state a claim for relief, they are subject to summary dismissal without prejudice as frivolous pursuant to Section 1915(e)(B)(i).

9

**VIII. Plaintiff's Failure to Comply with the Court's Show Cause Order**

Plaintiff's Section 1983 complaint was not accompanied by a complete IFP application or the appropriate filing fee.  Plaintiff has failed to comply with the portion of this Court's Show Cause Order directing him to comply with the financial responsibility provisions of the Prisoner Litigation Reform Act, including 28 U.S.C. Section 1915(a)(2).  *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (recognizing the duty on prisoners to furnish all necessary documentation to qualify for In Forma Pauperis status).  The Court will, alternatively, dismiss this lawsuit for failure to prosecute and failure to comply with the Show Cause Order, pursuant to Rule 41(b).

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order."  *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).  A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct and when lesser sanctions would not serve the best interest of justice.  *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).  Dismissal with prejudice is appropriate where a federal habeas petitioner demonstrates "a clear record of contumacious conduct and delay."  *Id.* at 404.  In making such a determination, the federal courts may take judicial notice of prior habeas proceedings brought by the petitioner in connection with the same conviction.  *Id.*  Plaintiff has not demonstrated the type of contumacious conduct or delay justifying dismissal of his claims with prejudice.  Nonetheless, Plaintiff has failed to comply with an Order of this Court and has failed to either the filing fee or file an application for leave to proceed IFP.  Under such circumstances, this Court will, alternatively, dismiss this cause without prejudice to Plaintiff's right to re-file his civil action provided he either pays the filing fee or establishes he does not possess sufficient financial resources to do so.  Plaintiff is admonished the PLRA's

financial responsibility provisions, including 28 U.S.C. Section 1915(a)(2), apply as long as Plaintiff remains a prisoner.

## IX. ORDER

Accordingly, it is hereby ORDERED that:

1. The referral of this cause to the Magistrate Judge is WITHDRAWN.

2. Plaintiff's original complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim, as frivolous under sections 1915(e)(B)(i) and 1915A(b), for failure to prosecute under Rule 41(b), and for failure to comply with this Court's Show Cause Order.

3. All pending motions are DISMISSED AS MOOT.

4. The Clerk of Court shall send a copy of this Order and the Final Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so that this case may be recorded in the "Three-Strikes List."

5. The Clerk of this Court shall transmit a Certified copy of this Order and the Final Judgment in this cause to the TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711.

It is so ORDERED.

SIGNED this 16th day of March, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE